## FINLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 39, October Term, 1956.]

*Decided November 30, 1956.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Henderson, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus*. The petitioner was convicted in the Circuit Court for Anne Arundel County of assault with intent to murder, and sentenced to nine years in the House of Correction. He was represented by an attorney appointed by the court.

The petitioner contends that the trial court was in error in holding that the nail file with which he stabbed his estranged wife was a lethal or deadly weapon. It is sufficient to observe that if this was error, it is not such an error as would be reviewable on *habeas corpus*. Moreover, it is clear that the use of a lethal or deadly weapon is not an essential ingredient of the crime charged.

The petitioner further contends that the prosecuting witness, after the trial, admitted that she "could not say for sure" that the petitioner threatened to kill her, as she had

testified at the trial. The mere recantation of testimony furnishes no basis for the issuance of a writ of *habeas corpus,* even if her testimony at the trial was false. *Thanos v. Superintendent,* 204 Md. 665; *Billman v. Warden,* 197 Md. 683. Cf. *Madison v. State,* 205 Md. 425, 434.

Finally, the petitioner contends that he was not advised of his right of appeal. This falls short of an allegation that he was denied the right of appeal by any State official. Moreover, the allegation is contradicted by his further assertion that the attorney appointed by the court declined to take an appeal at the conclusion of the trial. There is no allegation that the petitioner made any effort to appeal at that time or subsequently.

*Application denied, with costs.*