SMITH *v.* WARDEN OF MARYLAND HOUSE
OF CORRECTION

[H. C. No. 38, September Term, 1957.]

*Decided November 25, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application to appeal from a denial of a writ of *habeas corpus* by Judge McLaughlin in the Circuit Court for Washington County.

The petitioner pleaded guilty to a violation of the narcotics law and was sentenced by Judge Carter in the Criminal Court of Baltimore to three years in the House of Correction.

He contends: (1) that his counsel was incompetent; (2) that the possession of cannabis is not a criminal offense in Maryland; (3) (4) that the evidence was illegally seized and illegally used as evidence; and (5) that at the time of his conviction and sentence there were no provisions for a destitute defendant to take an appeal, so *habeas corpus* is the petitioner's only recourse.

I

The alleged ineptness, lack of diligence or incompetency of counsel is not grounds for the issuance of a writ of *habeas corpus* in the absence of any allegation of fraud, bad faith or collusion by defense counsel with any State official. *Brigmon v. Warden,* 213 Md. 628, 131 A. 2d 245.

II

Article 27, sections 345 through 375, of the Code (1951) specifically designates cannabis as a narcotic drug. The argument under this heading goes to the sufficiency of the evidence, which cannot be reviewed on *habeas corpus. Cunningham v. Warden,* 213 Md. 642, 131 A. 2d 394. This contention is rendered more absurd by the fact that the petitioner pleaded guilty to the offense charged in the indictment.

III, IV

The legality of a search and seizure cannot be raised on *habeas corpus. Shivers v. Warden,* 211 Md. 612, 125 A. 2d 671. Furthermore, the Bouse Act, Article 35, sec. 5, Code (1951), does not apply to prosecutions relating to narcotic drugs. Art. 27, sec. 368. With reference to the question that the evidence was inadmissible, this also cannot be raised on *habeas corpus. Thompson v. Warden,* 209 Md. 628, 120 A. 2d 200.

668

## V

It appears that the applicant made no timely effort to take an appeal, and so has not placed himself in a position to seek a belated appeal at this time. Even if the points which he now seeks to raise in this *habeas corpus* proceeding were before us as if on appeal, we think that they would be without merit.

*Application denied, with costs.*