## DAVIS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 125, September Term, 1957.]

*Decided June 19, 1958.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Horney, J., delivered the opinion of the Court.

This is an application by Benjamin Davis for leave to appeal from the denial of a writ of *habeas corpus* by Michael Paul Smith, J., of the Circuit Court for Baltimore County.

The petitioner was tried and found guilty of murder in the first degree, without capital punishment, by a jury in the Circuit Court for Wicomico County (Taylor, J.), and was sentenced to life imprisonment in the Penitentiary.

The petitioner assigned fourteen reasons why he should be granted the writ, four of which were made for the first time on this application, and cannot be considered here. *Wain v. Warden,* 215 Md. 650, 138 A. 2d 482 (1958). Of the remaining ten, four involved arguments of fact and irrelevant points of law.

Judge Smith properly ruled: (i) that the questions as to a confession allegedly obtained by inducements and coercion could have been raised on appeal, but not on *habeas corpus* [*Hovey v. Warden,* 215 Md. 612, 137 A. 2d 208 (1957)]; (ii) that the trial court was not obliged to summon witnesses for the petitioner unless the petitioner had made a request therefor, which was not alleged [*Obenstine v. Warden,* 198 Md. 648, 80 A. 2d 610 (1951)]; (iii) that the allegation of perjured testimony, without a further allegation that the State knowingly used it, was not sufficient [*Smith v. Warden,* 213 Md. 643, 131 A. 2d 392 (1957)]; and (iv) that the petitioner had not made a reasonable effort to perfect an appeal and that there was no duty on the trial judge to advise the defendant that he had a right to appeal [*Finley v. Warden,* 211 Md. 650, 127 A. 2d 134 (1956)].

The petitioner's other general contentions of denial of counsel at the time of his arrest and that certain testimony was erroneously admitted are likewise without merit. Both

could have been raised on appeal, but neither constitute grounds for granting *habeas corpus*.

The petitioner's repeated assertions that he was denied due process of law (i) because he was not advised of his right of appeal, (ii) because he could not afford an appeal, and (iii) because he was entitled to an appeal under the holding in *Griffin v. Illinois*, 351 U. S. 12 (1956), are without merit. There are no specific allegations of the denial of any rights he may have had by virtue of the holding in the *Griffin* case. In fact he alleged *only* that "[his] indigence, both past and present, precluded appellate review of * * * [his] conviction * * *, that conviction without appeal is improper when financial straits precluded appeal, * * * that no person should be prevented from appeal in a serious criminal case, * * * [and] that he should be released * * * because he was denied the right to an appeal by the trial court." He did not allege that he had requested a transcript of the record, that he entered an appeal within the time limited by the rule, or in what manner the trial court had denied him the right of appeal. An appeal is a matter of right and not a matter of privilege to be granted or refused by a trial court. He could have appealed by a simple order to the clerk of the court to enter an appeal. For this reason his allegation that he was "denied the right to an appeal by the trial court," without more, is not sufficient.

*Application denied, with costs.*