## BYRD v. WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 1, September Term, 1958.]

*Decided January 20, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is the first application for leave to appeal under the Post Conviction Procedure Act (Code, 1958 Supp., Art. 27, Sections 645A to 645J) that has reached this Court.

In 1952 applicant was sentenced to life imprisonment by

Judge Woodward of the Circuit Court for Montgomery County after conviction of assault with intent to rape. Twice he has unsuccessfully sought leave to appeal from a denial of the writ of *habeas corpus. Byrd v. Warden,* 210 Md. 662; *Byrd v. Warden,* 216 Md. 656.

On July 16, 1958, Byrd filed a petition seeking relief under the Post Conviction Procedure Act. The affidavit to the petition set forth that he was a pauper and in the petition he prayed that the court file his petition "under the *forma pauperis* laws of Maryland". Five days after the petition was filed, the State moved to dismiss it, and nine days later, Judge Anderson granted the motion.

The Post Conviction Procedure Act provides in Sec. 645E, that if the petition alleges that the petitioner "is unable to pay the costs of the proceeding or to employ counsel" and the court is satisfied as to the truth of the allegation, it "shall order that the petitioner proceed as an indigent person, and appoint counsel for him." The lower court did not appoint counsel, deciding from the pleadings before him that all of the matters on which the petitioner relied had been presented, and decided adversely to him, in the *habeas corpus* cases.

We read the statute as requiring counsel to be appointed in every case in which the court is satisfied that the allegation of the petitioner that he is unable to pay the cost of the proceeding is true (unless petitioner voluntarily and intelligently waives the right to counsel). Since the mandate of the statute in this respect was not followed, the case must be remanded for the appointment of counsel. *Hill v. State,* 218 Md. 120; *Bryant v. State,* 218 Md. 151.

Most of Byrd's allegations are similar to, if not the same as, those he has relied on before in his efforts to be granted *habeas corpus.* We note that his present application contained an additional allegation—that Judge Woodward told him that his appeal to the Court of Appeals (which he noted within proper time after his conviction in 1952 but never perfected) would be perfected for him by the Circuit Court for Montgomery County, and that it was in reliance on this assurance that he did nothing further after he had entered the appeal. When counsel is appointed, this allegation can

be gone into, and its truth or falsity determined. If Byrd is unable to present any grounds, other than those which he has relied on before, or waived before, his petition properly may be dismissed under Sec. 645A (a) of the Post Conviction Procedure Act, which says that relief may be granted under specified circumstances, provided "the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction."

*Application for leave to appeal granted, and case remanded or further proceedings.*