## CARTER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 2, September Term, 1958.]

*Decided April 15, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Following an unsuccessful attempt to obtain his release on *habeas corpus, Carter v. Warden,* 216 Md. 654, 140 A. 2d 647, the applicant filed a petition for relief purportedly under the Post Conviction Procedure Act, which was denied by Judge Lawlor in the Circuit Court for Montgomery County on October 14th, 1958. The petition was not supported by affidavit, nor was any claim of indigency asserted until after the petition had been dismissed. Since the application for

leave to appeal was filed, the applicant has been released from incarceration on parole.

It would seem a futile procedure to remand the case for the appointment of counsel on a proper showing under the Act (cf. *Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701) and for the filing of a new or amended petition in proper form under the Act. (See Code, 1958 Supp., Art. 27, §§ 645E, 645C.) No original petition could now be filed under the Act, since the applicant is not incarcerated. (Code, 1958 Supp., Art. 27, § 645A.) We think the purpose of the Act is to provide only for those who have been "convicted of a crime" and are "incarcerated under sentence of death or imprisonment," not those who have been released from confinement; and the Act is not a substitute for a direct remedy or appeal. § 645A, *supra.* The applicant's only new ground of complaint is that his counsel (who was of his own choice) declined to take an appeal unless he was paid five hundred dollars. No appeal was noted.

We do not, however, undertake to pass on the merits of any of the applicant's contentions, old or new, since we think the case is moot. In order to protect the interests of the appellant in case his parole should be revoked, and he should again be incarcerated, the denial of this application is without prejudice to his right hereafter to file a proper application under the Act.

*Leave to appeal denied.*