## HOBBS v. WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 5, September Term, 1958.]

*Decided February 18, 1959.*

Before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application for leave to appeal under Code

(1958 Supp.) Art. 27 §§ 645A-645J, known as the Post Conviction Procedure Act.

On January 7, 1947, the applicant was convicted by the Criminal Court of Baltimore (Smith, C. J.) of armed robbery upon his plea of guilty under three separate indictments, and was sentenced to a term of twenty years under each indictment, the sentences to run concurrently.

On October 27, 1958, the applicant filed a petition for release under the Act "in *forma pauperis.*" The trial court (Sodaro, J.) denied the relief sought and dismissed the petition on November 7, 1958, because, as Judge Sodaro stated, the same allegations and contentions raised in the instant proceeding had already been adjudicated and no other substantial questions within the provisions of the Act had been raised by the petition. Judge Sodaro also found that there was no necessity for the appointment of counsel or a hearing.

The applicant in his petition alleges in substance (i) that he was tried and convicted without being arraigned, was never informed of the nature of the offense and the seriousness thereof, and was denied the right to question the witnesses against him; (ii) that when the court imposed its illegal sentence he protested and requested the appointment of counsel, which was ignored; (iii) that the indictments were illegal in that his name was alleged to be Joseph Hobbs whereas his real name is Joseph Hobbs, Jr.; and (iv) that the indictment was fatally defective because it alleged the same offense was committed on May 5, 1946, and on May 7, 1946.

The applicant applied for leave to appeal from a denial of the writ of *habeas corpus* on two other occasions. He was unsuccessful both times. In the first case, *State ex rel. Hobbs v. Warden,* 194 Md. 722, 70 A. 2d 814 (1950), after noting that he had made twenty-eight prior applications for writs of *habeas corpus* or writs of error *coram nobis* all of which were denied, this Court held, among other things, that a lack of arraignment was not ground for release on *habeas corpus* if the accused pleaded guilty to the indictment when it was read to him and that it was not necessary to confront an accused with witnesses after he pleaded guilty. In the second case, *Hobbs v. Warden,* 197 Md. 692, 80 A. 2d 38 (1951),

in which the applicant alleged, among other things, that there were errors in the indictments and that he was not represented by counsel, we affirmed the refusal of the lower court to issue a writ of *habeas corpus*. The record shows that subsequent to the opinion last cited, the applicant, on the same or similar contentions made in the instant proceedings, filed eleven other petitions for writs seeking release from prison, all of which were found to be without merit and were denied.

Yet, with respect to the refusal of the trial court to appoint counsel in the instant proceeding, we think, as we stated in *Byrd v. Warden*, 219 Md. 681, 147 A. 2d 701 (1959), that § 645E, *supra,* requires the appointment of counsel in *every* case in which the lower court is satisfied that the applicant is in fact unable to employ counsel. Moreover, this is so, even in a case such as this, where it appears that the appointment of counsel may be unnecessary or even futile. The statute, as we read it, clearly states that the court "shall * * * appoint counsel" for the petitioners, and significantly, *no exceptions are provided*. Since under the Act it is contemplated that the proceeding—except under circumstances not present here—may be invoked only once, it is important that the applicant shall have an opportunity through counsel to present any ground of alleged error not previously and finally litigated in the proceeding which resulted in, or any other proceeding which the applicant has taken to secure relief from, his conviction. See §§ 645A (a), 645H, both *supra*. For the reason assigned we must remand this proceeding for the appointment of counsel and for further proceedings. We do not mean to suggest that counsel so appointed is under any duty to press points that are merely frivolous or vexatious.

When counsel is appointed, if the petitioner is then unable to give any reason why he should be released from prison, or afforded a new trial, other than those he has relied on numerous times before, then his petition may properly be dismissed. See § 645A (a); *Byrd v. Warden, supra*.

> *Application for leave to appeal granted, and case remanded for further proceedings.*