TILLETT *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 11, September Term, 1959.]

*Decided October 21, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, Delano L. Tillett, seeks leave to appeal from an order of Judge Mason entered in the Criminal Court of Baltimore denying Tillett's application for relief under the Uniform Post Conviction Procedure Act (the Act), which, as adopted in this State by Ch. 44 of the Acts of 1958 and as amended by Ch. 429 of the Acts of 1959, now constitutes Sec-

tions 645A-645J, inclusive, of Art. 27 of the 1957 Code (as supplemented).

The first section of the Act, § 645A (a), after enumerating the grounds upon which proceedings may be had under the Act to set aside or correct a judgment or sentence, concludes with this proviso: "provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction." This is Tillett's third application for leave to appeal to this Court in proceedings which Tillett has taken to secure relief from his conviction. The first two applications were made in *habeas corpus* proceedings. By those proceedings the errors therein alleged were previously and finally litigated. Code (1957), Art. 42, Sec. 6; *Davis v. Warden,* 211 Md. 606, 125 A. 2d 841; *State ex rel. Conley v. Warden,* 193 Md. 699, 65 A. 2d 895. They were, we think, so litigated within the meaning of the above proviso of Sec. 645A of the Act, notwithstanding the repeal of Sec. 6 of Art. 42, *supra,* by Ch. 45 of the Acts of 1958 (which was a companion Act to Ch. 44, *supra*). Hence they do not afford any basis for relief under the present application. The proviso contained in Section 645A and Sections 645D and 645H manifest an intention to put a stop to the endless repetition of the same grounds of collateral attack upon convictions. Repeated petitions for writs of *habeas corpus* became such an abuse as to call for legislation which began in 1941. See *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807; *Bernard v. Warden,* 187 Md. 273, 49 A. 2d 737; Acts of 1941, Ch. 484; Acts of 1945, Ch. 702; and Acts of 1947, Ch. 625.

The alleged errors previously litigated, numbered as they appear in the present application, are: (1) failure to appoint counsel for the defendant (applicant); (2) excessiveness of the sentence of eight years' imprisonment; (4) failure to advise the defendant of his right to appeal; (5) failure to inquire of the defendant if he had anything to say prior to sentence being imposed. The alleged excessiveness of the sentence was determined adversely to the applicant in *Tillett v. Warden,* 215 Md. 596, 135 A. 2d 629. All were determined

adversely to him in *Ingram et al. v. Warden,* 218 Md. 649, 145 A. 2d 766. Tillett was a party in the latter case. The opinion of this Court in *Ingram et al.* does not set forth these contentions, but each is dealt with in the opinion of Judge McLaughlin referred to in the opinion of this Court, and his opinion is a part of the record in this Court.

Even if any of the above contentions were properly raised, it would be without merit. As to (1)—failure to appoint counsel—the applicant makes a general allegation of a denial of justice on this score, but alleges no facts to show that any element of unfairness entered into the proceedings resulting in his confinement. This is insufficient. *Shaffer v. Warden,* 211 Md. 635, 637, 126 A. 2d 573. As to (2)—the length of sentence—see *Tillett v. Warden and Ingram et al. v. Warden,* both cited above, and *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597. As to (4)—relating to the right of appeal—see *Finley v. Warden,* 211 Md. 650, 127 A. 2d 134. As to (5)— relating to a statement before imposing of sentence—see *Pride v. Warden,* 215 Md. 601, 602, 137 A. 2d 175.

Tillett's remaining ground of complaint (No. 3 in his petition) is that the trial judge did not inform him of the consequences of a plea of guilty. In *Snead v. Warden,* 215 Md. 595, 135 A. 2d 630, this Court rejected a complaint by an applicant for leave to appeal from a denial of his petition for a writ of *habeas corpus* based upon "failure to advise him of his rights." In the instant case, we find nothing to indicate that failure to advise the applicant of the consequences of his plea of guilty infringed upon any of his rights under either the Federal or the State Constitution. There are no facts alleged here which, we think, might bring the case within the ambit of *Uveges v. Pennsylvania,* 335 U. S. 437. There, failure to advise a youth seventeen years of age of the consequence of pleading guilty to four separate burglaries carrying aggregate maximum penalties of imprisonment for eighty years was one of several factors which led the Supreme Court to hold that failure to appoint counsel for the prisoner was a denial of due process. Other factors included holding the accused for about two weeks without the benefit of consultation with friends or relatives, failure to inform him of his right to

counsel, the complexity of the charges against him, his youth and inexperience in the intricacies of criminal procedure, and threats of dire consequences if he did not plead guilty. No such other facts are here present or alleged, so far as we can discern.

The offense to which the applicant pleaded guilty—attempted statutory burglary—involved no real legal complexities. There is nothing to suggest that the applicant was unable to comprehend either the nature of the charge or the effect of a plea of guilty. Failure to advise him of the effect of a plea of guilty is not, we think, either alone, or in conjunction simply with the failure to appoint counsel (assuming, without deciding, that any phase of the non-appointment of counsel is still open after the prior adjudications), sufficient to show that any element of unfairness entered into the process which resulted in the applicant's confinement. We find here no other facts which might bring the case within the principle of *Uveges v. Pennsylvania.*

*Application denied.*