## BARBEE v. WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 14, September Term, 1958.]

648

*Decided May 15, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

William Barbee (the applicant or petitioner) has applied
to this Court for leave to prosecute an appeal from the order
of the Criminal Court of Baltimore (Cullen, J.) denying ap-
plicant the relief he sought under the provisions of the Post
Conviction Procedure Act [Code (1958 Supp.), Art. 27, §§
645A-645J].

On May 16, 1957, the applicant was convicted by the trial
court without a jury (Warnken, J.) of assault, unauthorized
use of an automobile and assault with intent to murder on
three separate indictments, and was sentenced therefor to the
Maryland Penitentiary for one, four and fifteen years, respec-
tively, the sentences to be served consecutively. Having been
incarcerated for more than one year, the applicant seeks no
relief with respect to the sentence for assault.

Code (1958 Supp.), Art. 27, § 645A (a) provides in part
that:

> "Any person convicted of a crime and incarcerated
> under sentence of * * * imprisonment, * * * who
> claims [i] that the sentence or judgment was imposed
> in violation of the Constitution of the United States
> or the Constitution or laws of this State, or [ii] that
> the court was without jurisdiction to impose the sen-
> tence, or [iii] that the sentence exceeds the maxi-
> mum authorized by law, or [iv] that the sentence
> is otherwise subject to collateral attack upon any
> ground of alleged error heretofore available under a
> writ of habeas corpus, writ of coram nobis, or other
> common law or statutory remedy, may institute a
> proceeding * * * to set aside or correct the sentence
> * * *."

The applicant, asserting his innocence, claims that he was not guilty either of unauthorized use or assault with intent to murder. With respect to his conviction of unauthorized use, he alleges that the fingerprints taken from the automobile were not produced at the trial because they were not his, and contends that there was no proof that he had used an automobile without authority. With respect to his conviction of assault with intent to murder, he alleges that the ballistic experts were not called to testify at the trial because there was no proof that the revolver admitted as evidence was that which the State claimed was used in the commission of the assault with intent to murder, and contends that there was no proof that he had shot anyone on the date alleged in the indictment.

The applicant states that he "desires a delayed appeal," and that he has "four new witnesses to give further proof of his innocence." Apparently it was for these reasons he petitioned the trial court to "view the record" and "grant an appeal" and "order a new trial." He further asserts that "via" the Constitutions of the United States and Maryland he is "due a redress, *i.e.,* a fair trial, equal protection of the laws and due process."

In his petition filed in the trial court, the applicant alleged that he was "unable to obtain the transcript of proceedings" but that he would pay the filing fee. He did not allege that he was indigent nor did he request appointment of counsel. On the other hand, there is nothing in the record to show that he "voluntarily and intelligently waive[d] the right to counsel." *Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701 (1959).

When the petition was originally considered by Judge Cullen on November 12, 1958, he found no necessity for a hearing, denied the relief sought and dismissed the petition. However, when the decision of this Court in *Byrd v. Warden, supra,* came to his attention, he nullified his original order, appointed counsel to represent the petitioner and requested counsel to interview the petitioner promptly, which was done. When Judge Cullen reconsidered the petition at a hearing at which the petitioner and his counsel were present on Febru-

ary 3, 1959, he reaffirmed his order of November 12, 1958, and the petitioner re-entered his appeal to this Court.

The claim of innocence and newly discovered alibi evidence and the contention that there was no proof of guilt do no more than raise questions as to guilt or innocence of the applicant and the sufficiency of the evidence, which can only be reviewed on a motion for a new trial seasonably made or on an appeal entered within the time prescribed by Rule 812 a. Section 645A (b) specifically provides that the post conviction remedy "is not a substitute for" and does not affect "remedies which are incident to the proceedings in the trial court," such as a new trial, or the "remedy of direct review of the sentence or conviction" on an appeal to this Court. See *Ricail v. Warden,* 210 Md. 664, 123 A. 2d 908 (1956). With regard to the reason for the non-production of evidence as to the fingerprints and the result of the ballistic tests, the record shows that the applicant, who was represented by counsel, although entering a plea of not guilty, submitted on a statement of facts by the prosecuting attorney.

The applicant states no reason why he "desired" a delayed appeal. He did not allege that he had filed, or attempted to file, an appeal. Nor did he allege that he had been denied a right to appeal. In fact he did not even allege that he had wanted to appeal from the original convictions. See *Davis v. Warden,* 217 Md. 662, 143 A. 2d 77 (1958).

Finally, the applicant did not show in what manner his constitutional rights had been abridged. A mere allegation that one has been denied constitutional guarantees, without setting forth facts substantiating a violation of such rights, is not a sufficient reason for setting aside a sentence under post conviction procedure. Cf. *Savage v. Warden,* 216 Md. 598, 600, 139 A. 2d 338 (1958).

Since the applicant failed to show that he was entitled to relief for any of the reasons set forth in § 645A (a), *supra,* his application for leave to prosecute an appeal must be denied.

*Application denied.*