## BANKS *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 16, September Term, 1958.]

*Decided June 9, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

When the Criminal Court of Baltimore (Cullen, J.) denied his petition for post conviction relief, Monroe J. Banks (the applicant) applied to this Court for leave to appeal.

The applicant, who was represented by counsel at the trial —[as he was at a second post conviction hearing afforded him when the decision in *Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701 (1959), came to the attention of Judge Cullen]— pleaded guilty to an indictment in which he was charged with having violated the narcotic laws of this State a second time, and was sentenced by the trial court (Tucker, J.) to seven years in the Penitentiary from February 16, 1955.

The docket entries show that the applicant submitted to a court trial under a plea of guilty on March 3, 1955, after having withdrawn a plea of not guilty he had previously made when he was arraigned on February 28, 1955. But he filed no motion raising other defenses or objections based on defects in the institution of the prosecution or in the indictment

which should have been raised by motion before trial. Nor did he ever object to the lack of jurisdiction in the trial court or the failure of the indictment to charge an offense which the court could have considered during the pendency of the original trial. See Rule 725 b 2.

However, in this post conviction proceeding, the applicant asserts three reasons why the judgment and sentence should be set aside or corrected. He now claims for the first time that the heroin he had in his possession or under his control on February 16, 1955, was obtained by the police by means of an illegal search and seizure, that the indictment was void because the statute on which it was based was unconstitutional, and that the sentence was excessive.

The statute which makes post conviction proceedings possible specifically provides that the remedy therein provided is not a substitute for the remedies which were available to the applicant before or during the original trial, such as those afforded by the provisions of Rule 725 b, *supra,* or the remedy obtainable by a review of the conviction and sentence in this Court on appeal. See Code (1958 Supp.), Art. 27, § 645A (b). See also *Barbee v. Warden,* 220 Md. 647, 151 A. 2d 167 (1959) ; *Carter v. Warden,* 219 Md. 692, 150 A. 2d 242 (1959).

The contention that the heroin was obtained by an alleged illegal search and seizure should have been raised before trial, but it was without merit in any event since Code (1951) Art. 27, § 368, provided that the provisions of the Bouse Act [Code (1951) Art. 35, § 5] were not applicable to prosecutions relating to narcotic drugs. Cf. *Smith v. Warden,* 214 Md. 666, 136 A. 2d 381 (1957).

The contention that § 368, *supra,* is unconstitutional because it *permits* an "illegal" search and seizure in narcotic cases is also without merit. The constitutionality of this section should also have been raised by direct attack. *Superintendent v. Calman,* 203 Md. 414, 424, 101 A. 2d 207 (1953). Since the question was not presented at the original trial, it must be held to have been waived. *Jackson v. Warden,* 218 Md. 652, 146 A. 2d 438 (1958) ; *Lenoir v. State,* 197 Md. 495, 80 A. 2d 3 (1951) ; *Beard v. State,* 216 Md. 302, 140

A. 2d 672 (1958). See also *Franklin v. State,* 208 Md. 628, 119 A. 2d 439 (1956), in which we stated that while § 368, *supra,* made the Bouse Act inapplicable to an illegal search and seizure in a prosecution under the narcotic laws, it did not *authorize* such a search.

Finally, the contention that the sentence of seven years was excessive is likewise without merit. Code (1951), Art. 27, § 369, provided for imprisonment of not less than five or more than ten years for a second offender under the narcotic laws.

*Application denied.*