## BROWN *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 26, September Term, 1959.]

*Decided November 23, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

The applicant, Brown, was found guilty by a jury on a charge of assault with intent to rape in 1947 and was sentenced to twenty years imprisonment, subsequently commuted to eighteen years. By his application under the Post Conviction Procedure Act he complains of various alleged errors or irregularities and of allegedly perjured testimony at

his trial and of the insufficiency of the evidence to support his conviction. None of these is sufficient to support his application under the Act. As to the alleged perjured testimony, there is no allegation that the State knowingly used such testimony. See *State v. D'Onofrio*, 221 Md. 20, 155 A. 2d 643.

The principal relief sought by this application is a belated appeal on which the applicant's complaints with regard to his trial could be urged. The ground upon which an appeal is sought at this time is the applicant's alleged indigency in 1947. The docket entries show that no appeal was taken, and there is no showing or suggestion that the applicant made any effort to appeal within the time allowed for an appeal either by filing an order of appeal, by seeking a transcript of the proceedings or otherwise. Under such circumstances, it has been held by this Court that a defendant has not been deprived by the State of his constitutional rights under the doctrine of *Griffin v. Illinois*, 351 U. S. 12, even though his failure to seek an appeal may have been due to indigency. *Smith v. Warden*, 214 Md. 666, 136 A. 2d 381, *cert. den.* 356 U. S. 963; *Person v. Warden*, 217 Md. 650, 141 A. 2d 743, *cert. den.* 358 U. S. 853; *Davis v. Warden*, 217 Md. 662, 143 A. 2d 77. Therefore, although the learned trial judge dismissed the application for a different reason, the dismissal was correct.

The allegation of incompetence of counsel appointed to represent the applicant at his Post Conviction Procedure Act hearing seems to us without support in the record.

*Application denied.*