## HOBBS *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 30, September Term, 1959.]

*Decided October 22, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PER CURIAM.

This is another of a long series of efforts of the applicant, Joseph Hobbs, to upset his sentence, imposed in 1947, of twenty years' imprisonment on three charges of robbery with a deadly weapon, to which charges he pleaded guilty in the Criminal Court of Baltimore. His prior cases in this Court are: *State ex rel. Hobbs v. Warden,* 194 Md. 722, 70 A. 2d 814; *Hobbs v. Warden,* 197 Md. 692, 80 A. 2d 38.[1] An earlier stage of the present case is reported as *Hobbs v. Warden,* 219 Md. 684, 148 A. 2d 380, in which we remanded the case for the appointment of counsel and concluded our opinion, written by Judge Horney, with this paragraph:

> "When counsel is appointed, if the petitioner is then unable to give any reason why he should be released from prison, or afforded a new trial, other than those he has relied on numerous times before, then his petition may properly be dismissed. See § 645A (a) [of Code (1959 Supp.), Art. 27, the Post Conviction Procedure Act]; *Byrd v. Warden, supra* [219 Md. 681, 147 A. 2d 701]."

The record before us shows that counsel was appointed for the applicant and that a hearing was held before Judge Sodaro in the Criminal Court of Baltimore. Judge Sodaro found that all of the contentions now sought to be raised by the applicant were raised in one or the other of his earlier cases in this Court or in other proceedings and had been adjudicated and that no other substantial questions were raised by this application under the Post Conviction Procedure Act. He accordingly denied the application.

Examination of the records as well as the opinions in Hobbs' prior cases in this Court, *supra* (reported in 194 and 197 Md., respectively) shows that he raised in one or both of those proceedings every ground for relief which he now

---

1. In 194 Md. at 723, it is stated that, according to prison records, Hobbs then had had 28 applications for writs of *habeas corpus* or writs of error *coram nobis*. The Attorney General advises us that he has added 11 more since the case in 197 Md.

asserts. Lack of counsel, though not mentioned in the opinion of this Court in the first of those cases, was raised by Hobbs' original petition, was the subject of some of his testimony before the late Judge W. Conwell Smith at his hearing on the petition and was referred to in Hobbs' brief in this Court. Evidently this Court found no merit in this contention at the time of denying the first application, and the second opinion treats the first as having decided the matter. Lack of counsel was also expressly raised in the second of his prior cases above referred to both in his petition below and in this Court.

Hobbs' application was properly denied in accordance with our earlier opinion herein (219 Md. 684, 148 A. 2d 380). See also *Shifflett v. Warden,* 220 Md. 667, 155 A. 2d 68, and *Curnyn v. Warden,* 220 Md. 672, 154 A. 2d 829. Leave to appeal is denied.

*Application denied.*