## HUMPHRIES *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 65, October Term, 1956.]

*Decided February 7, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HAMMOND, J., delivered the opinion of the Court.

Judge Lester Barrett of the Circuit Court for Baltimore County denied Vernon Humphries, the applicant for leave to appeal, the writ of *habeas corpus* because he failed to show that he had been deprived of any constitutional right or that the court that convicted and sentenced him lacked jurisdiction. A careful consideration of the numerous allegations in the petition shows that Judge Barrett was right.

Vernon Humphries was convicted of robbery and sentenced to ten years in the Penitentiary by Judge Byrnes sitting in the Criminal Court of Baltimore. The applicant alleges that the arresting officers did not have a warrant for his arrest, that the magistrate should have released him for lack of evidence, that he did not receive a copy of the indictment, that the State's witnesses were "coached" and offered induce-

ments by the police to testify against him, and that the court refused to believe his witnesses. All of these contentions concern the regularity of the proceedings, the sufficiency of the evidence or the guilt or innocence of the applicant, and such contentions will not support the issuance of the writ. *Ballam v. Warden,* 196 Md. 644; *Cummings v. Warden,* 206 Md. 637; *Davis v. Warden,* 208 Md. 675; *Walker v. Warden,* 210 Md. 654.

In his final contention the applicant alleges that his counsel, appointed by the court, failed to act diligently or effectively in his defense, and that the State's Attorney and his counsel "used fraud and Collusion against the Petitioner." No particulars of the alleged collusion are specified. Applicant does not allege, nor is it shown, that he told the trial judge of what he now complains. As was said by the Court in *Roberts v. Warden,* 206 Md. 246, at page 251: "We have held repeatedly that mere allegation of collusion, which is not supported, will not avail on *habeas corpus,* nor will the statement of incompetence or lack of interest of counsel, when it is shown that the appellant had the opportunity to complain to the court and did not." The relief sought must be denied.

*Application denied, with costs.*