**Vernon HUMPHRIES**

v.

**Vernon L. PEPPERSACK, Warden, Maryland Penitentiary.**

**Civ. No. 9684.**

United States District Court
D. Maryland.
May 7, 1957.

CHESNUT, District Judge.

This is another petition by a Maryland State prisoner for the issuance of the writ of habeas corpus by this United States District Court.

On February 19, 1957, the petitioner, Vernon Humphries, addressed a brief petition to Chief Judge Thomsen of this court for the issuance of a writ of habeas corpus. He stated at that time that he had been refused the issuance of the writ by a Maryland State Judge and by the Maryland Court of Appeals. The writ was refused by Judge Thomsen on the ground that the petitioner had not exhausted his remedies in the Maryland Courts by way of habeas corpus because it did not appear that he had applied to the Supreme Court of the United States for review on certiorari of the adverse decision of the Maryland Court.

The petitioner now states that he has been denied application for certiorari by the Supreme Court. He therefore now renews his application for the issuance of the writ by this court.

I have examined his present petition and do not find that it states facts which justify the issuance of the writ by this court. The petition for the writ is therefore hereby *denied*.

It appears from the petition that the defendant was tried and convicted in the Criminal Court of Baltimore before the Honorable Joseph R. Byrnes. He was represented by counsel at the time. Subsequently he applied for the issuance of the writ of habeas corpus to a Judge of the Circuit Court for Baltimore County, which was refused. He then applied to the Maryland Court of Appeals for review. This was denied in an opinion by Judge Hammond on February 7, 1957, and is reported in 212 Md. 653, 129 A.2d 87.

The substance of the petitioner's present complaint is that there was error in the trial before Judge Byrnes in not accepting the alibi defense which he interposed. This, of course, was a matter properly cognizable by a motion for a new trial before the Supreme Bench of Baltimore City or by direct appeal to the Court of Appeals of Maryland. It does not appear that the petitioner did either. With respect to the direct appeal, the petitioner now states that he asked his lawyer at the time to take an appeal to the Maryland Court of Appeals "but it was never granted". I do not find any further particulars stated by the petitioner on this point. He does not state the name of his lawyer nor when he asked the lawyer to take the appeal or why the lawyer did not do so.

Petitioner now apparently for the first time makes a vague reference to the comparatively recent decision of the United States in the case of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, to the effect that an indigent person is entitled to have a full review of a criminal case against him in the proper State Courts. In this respect the present petition is entirely insufficient in that it does not state any facts as to whether the petitioner at the time made any request for a full record of his case to be transferred to the Court of Appeals. Nor does it appear why, if such application was made either by him personally or by his attorney, it was not granted by the trial Judge. In the absence of any definite statement with respect to the failure to perfect a direct appeal from his sentence of ten years' imprisonment aft-

er conviction for robbery, I do not find sufficient basis for the issuance of the writ.

I note that in the opinion of the Court of Appeals above cited, Judge Hammond, for the Court, in denying the application for the issuance of the writ said:

"In his final contention the applicant alleges that his counsel, appointed by the court, failed to act diligently or effectively in his defense, and that the State's Attorney and his counsel 'used fraud and Collusion against the Petitioner.' No particulars of the alleged collusion are specified. Applicant does not allege, nor is it shown, that he told the trial judge of what he now complains. As was said by the Court in Roberts v. Warden, 206 Md. 246, at page 251, 111 A.2d 597, at page 599: 'We have held repeatedly that mere allegation of collusion, which is not supported, will not avail on habeas corpus, nor will the statement of incompetence or lack of interest of counsel, when it is shown that the appellant had the opportunity to complain to the court and did not.' The relief sought must be denied."

I am in accord with the reasoning of Judge Hammond in the matter just quoted. See Brown v. Allen, 344 U.S. 442, 73 S.Ct. 397, 97 L.Ed. 469. It is further to be noted that if the petitioner has presently a more certain, definite and particular contention with respect to lack of due process in the matter of a direct appeal from the sentence after conviction, to the Maryland Court of Appeals, that reason for the issuance of the writ would seemingly constitute a new cause for consideration and should be presented in the first place to the Maryland Courts.

For these reasons the writ as presently submitted is hereby denied and the Clerk is requested to send a copy of this order and memorandum opinion to the petitioner.