## KIRBY *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 9, September Term, 1957 (Adv.).]

*Decided June 26, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAM-MOND and PRESCOTT, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Manley of the Supreme Bench of Baltimore City. On May 17, 1956, an indictment was filed in the Criminal Court of Baltimore charging the applicant with robbery with a deadly weapon on August 21, 1948. On June 5, 1956, a second indictment was returned against him charging him with the same offense on August 6, 1948. He was found guilty on each indictment and given a sentence of twenty years for each conviction, the sentences to run consecutively.

The applicant contends that his constitutional rights were violated in that he did not receive a preliminary hearing, was not confronted by witnesses against him and was not given a speedy trial in spite of his repeated demands. This Court has said often that failure to hold a preliminary hearing does not vitiate a criminal trial and cannot be raised on *habeas corpus*. *Pritchard v. Warden,* 209 Md. 662; *Wagner v. Warden,* 205 Md. 648; and the allegation that he was denied the right to be confronted by his accusers is of no merit since

this goes only to the regularity of the proceedings and not to the jurisdiction of the court. *Tyler v. Warden,* 206 Md. 635; *Hickman v. Warden,* 203 Md. 668.

The applicant was not tried until July, 1956, for offenses committed in August, 1948. During this time the applicant was serving a sentence of nine years in the Federal penitentiary at Atlanta, Georgia, dating from November 22, 1948. The record shows that on or about November 1, 1951, he wrote from Atlanta to Judge Warnken of the Supreme Bench of Baltimore, requesting that he "be brought to trial or that the warrant be declared void". Apparently Judge Warnken forwarded his request to the State's Attorney's office, since their records show that on November 7, 1951, Mr. William H. Maynard, Deputy State's Attorney, wrote Kirby as follows:

"Dear Sir:

"Judge S. Ralph Warnken has turned over to me for reply your letter of November 1.

"The Detective Department advises me that a detainer has been lodged against you * * * for offenses committed by you in this city in 1948.

"In regard to your complaint that you were not brought from Washington to Baltimore to stand trial before you were sent to the Federal Prison in Atlanta, the answer is that the Federal authorities in Washington refused to turn you over to the Baltimore police for trial. As soon as you are released from the Federal Prison in Atlanta arrangements will be made to return you to Baltimore so that you may have the speedy trial which you request."

The applicant alleges that he made similar requests for a speedy trial during 1952 and 1953, but no action was taken by the State until after his release from the Federal Prison in April, 1956.

We assume, without deciding, that there is an obligation upon the State prosecuting authorities to make application to the Federal Government for the return of a Federal prisoner to the State for trial under a State indictment, *Ponzi v.*

*Fessenden,* 258 U. S. 254, 66 L. Ed. 607, although there is authority to the contrary, *Ex parte Schechtel* (Colo.), 82 P. 2d 762; *Raine v. State* (Tenn.), 226 S. W. 189; cases are collected in an annotation in 118 A. L. R. 1046. We think, as Judge Manley found below, that the right to raise the issue of a denial of a speedy trial has been waived. In his opinion Judge Manley said: "An examination of the papers and docket entries in the two cases in the Criminal Court show that Kirby did not raise this point during his trial in the Criminal Court of Baltimore City. If he had raised the question by a motion to quash the indictment, it could have been passed on in the Criminal Court and Kirby would have had the right to appeal in the event of an adverse ruling." The applicant failed to raise the point of undue delay in the trial court and thereby waived the constitutional right to a speedy trial. Under these circumstances, it cannot now be raised in a petition for *habeas corpus. Thompson v. Warden,* 198 Md. 668; *Ex parte Todd* (Cal. App.), 186 P. 790, 793. See, too, *Harris v. State,* 194 Md. 288, 297.

In *Harris v. Warden,* 199 Md. 685, the prisoner sought release on *habeas corpus,* alleging that he had additional proof of his demand for a speedy trial which he had not offered at the original trial, when his motion to quash the indictment was overruled. The Court said that the additional proof could have been presented at the time of the trial and *habeas corpus* is not the proper remedy when a remedy by appeal is or was available.

*Application denied, with costs.*