## JACKSON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 14, September Term, 1958.]

*Decided November 14, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge McLaughlin of the Fourth Judicial Circuit. Most of the applicant Jackson's numerous contentions below were substantially the same as those he set up in the petition for the writ filed in Cecil County (218 Md. 658) and were properly rejected for the reasons given in the full opinion of Judge McLaughlin. One of Jackson's grounds for relief may appropriately receive more consideration than Judge McLaughlin gave it. This is that in violation of his constitutional right, as an indigent person, he was refused a free copy of the transcript of testimony in his trial for use in seeking a new trial.

In January, 1957, Jackson requested Chief Judge Niles of the Supreme Bench to furnish the transcript of the testimony

on which a jury in the Criminal Court of Baltimore convicted him on a forgery indictment, for use in seeking a new trial. His request was denied on March 13 and since, under its rules, a motion for a new trial will not be considered by the Supreme Bench without a transcript of the testimony, the denial prevented a hearing of his motion. On March 15, sentence was imposed. On March 18, Jackson appealed to this Court in proper person. An exchange of letters between Jackson and the Clerk of the Criminal Court make it plain that the denial of the transcript was one of the grounds on which he intended to rely in his appeal. On May 6, Chief Judge Brune advised Jackson that he would be granted an appeal as an indigent, and offered to appoint counsel for him. Jackson rejected the offer of counsel. The transcript was furnished Jackson by the State free of charge and the case was heard in this Court in the fall of 1957. In an opinion filed on October 20, affirming the conviction, the refusal to furnish the transcript for the new trial was not passed upon, the opinion noting that although Jackson listed and argued ten specific points of alleged error, he neither listed nor argued in this Court the matter of the refusal of the transcript by the Supreme Bench. *Jackson v. State,* 214 Md. 454, *certiorari* denied, 356 U. S. 940 (1958).

We may assume, *arguendo,* that *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, required that Jackson be given the transcript for use in his motion for a new trial. Nevertheless, it seems clear that he abandoned that constitutional right when he failed to rely on it or assert it in his appeal, and that this was a waiver of the chance to have the right passed on and restored to him by this Court, or the Supreme Court on *certiorari,* if this Court refused. The decisions make it plain that *habeas corpus* is available only to protect constitutional rights that have not been waived, and that relinquishment of a known right, either in the trial court, or on review, precludes relief in subsequent *habeas corpus* proceedings if the judgment complained of was not a nullity.

In countless cases (one of which was *Winegard v. Warden,* 194 Md. 699, *certiorari* denied, 339 U. S. 938 (1950), in which unconstitutionality of the statute violated was alleged

on *habeas corpus*), we have said that *habeas corpus* is not a proper remedy when an appeal is or was available to raise the point relied on and the judgment was not a nullity. The writ cannot be used in lieu of appeal "to correct errors committed in the course of a trial, even though such errors relate to constitutional rights." *United States v. Rosenberg,* 200 F. 2d 666, 668 (2nd Cir., 1952), *certiorari* denied, 345 U. S. 965 (1953). See, too, *Brown v. Allen,* 344 U. S. 443, 486, 97 L. Ed. 469, 504, and cases cited, including *Goto v. Lane,* 265 U. S. 393, 402, 68 L. Ed. 1070, where it was said: "If the questions presented involved the application of constitutional principles, that alone did not alter the rule. * * * And, if the petitioners permitted the time within which a review on writ of error might be obtained to elapse and thereby lost the opportunity for such a review, that gave no right to resort to *habeas corpus* as a substitute."

In *Humphries v. Peppersack,* 156 F. Supp. 875 (D. Md., 1957), Judge Chesnut held that a state prisoner would not be issued the writ of *habeas corpus* on the ground that there was error in the trial when he had not sought a new trial or a direct appeal to the Court of Appeals. In *Sanderlin v. Smyth,* 138 F. 2d 729, 731 (4th Cir., 1943), Judge Parker said for the Court that *habeas corpus* may not be used in a federal court to review proceedings in a state court, since the judgment of that Court ordinarily is conclusive "* * * not only of those issues which were raised and determined, but also of those which might have been raised. * * * Ordinarily, failure to raise a constitutional question during trial amounts to waiver thereof. * * *." In *Palakiko v. Harper,* 209 F. 2d 75, 80-81 (9th Cir., 1953), *certiorari* denied, 347 U. S. 956 (1954), petition for rehearing denied, 347 U. S. 979, the Court cited cases holding that if the accused did not appeal, he may not make a collateral attack on his conviction by *habeas corpus,* and said: "* * * a similar result must obtain where, as here, the appeal was actually taken and the issue decided adversely to the appellant."

This Court has held that constitutional rights may be waived. If a statute making certain acts a crime were not challenged below as unconstitutional, its validity may not be

attacked on appeal, *Martin v. State,* 203 Md. 66, 77-78; and if there were no appeal from conviction under a statute alleged to be unconstitutional in a petition for *habeas corpus* and the judgment was not a nullity, *habeas corpus* will not issue. *Loughran v. Warden,* 192 Md. 719, *certiorari* denied *sub nom. Loughran v. Maryland,* 337 U. S. 908 (1949); *Superintendent v. Calman,* 203 Md. 414. In *Kirby v. Warden,* 214 Md. 600, *habeas corpus,* claimed because of the denial of a speedy trial, was refused. The prisoner had demanded immediate trial in 1951 while in a federal prison but was not tried until 1956 after he had been released. He did not raise the point of the delay at his trial in Maryland. Judge Manley below said: "* * * Kirby did not raise this point during his trial in the Criminal Court of Baltimore * * *. If he had raised the question by a motion to quash the indictment, it could have been passed on in the Criminal Court and Kirby would have had the right to appeal in the event of an adverse ruling." We said: "The applicant failed to raise the point of undue delay in the trial court and thereby waived the constitutional right to a speedy trial. Under these circumstances, it cannot now be raised in a petition for *habeas corpus.*" See also *Harris v. Warden,* 199 Md. 685; *Dyer v. Warden,* 214 Md. 626.

There is no doubt that the waiver of a constitutional right may come from failure to take a timely appeal or to assert the right on an appeal. In *Brown v. Allen,* 344 U. S. 443, *supra,* the appellant, who had been convicted of murder in a North Carolina court, asserted in his petition for *habeas corpus* in the federal court that negroes had been improperly excluded from both the grand jury and petit jury, and that his confession offered against him at the trial was involuntary and its use a violation of the Fourteenth Amendment, both points having been raised at his trial. He was one day late in entering his appeal to the Supreme Court of North Carolina, which refused to entertain the appeal. The Supreme Court held by a divided court that the constitutional points would not justify the issuance of the writ of *habeas corpus* by a federal court, since they could have been raised by an appeal. Mr. Justice Reed, speaking for the majority, said

at pages 485-486 of 344 U. S. that the writ of *habeas corpus* in federal courts "* * * is only authorized when a state prisoner is in custody in violation of the Constitution of the United States. * * * That fact is not to be tested by the use of habeas corpus in lieu of an appeal. * * * Failure to appeal is much like a failure to raise a known and existing question of unconstitutional proceeding or action prior to conviction or commitment. Such failure, of course, bars subsequent objection to conviction on those grounds." Mr. Justice Frankfurter dissented, but at page 503 of 344 U. S. made these concessions: "Of course, nothing we have said suggests that the federal habeas corpus jurisdiction can displace a State's procedural rule requiring that certain errors be raised on appeal. Normally rights under the Federal Constitution may be waived at the trial, *Adams v. United States ex rel. McCann,* 317 U. S. 269, and may likewise be waived by failure to assert such errors on appeal. Compare *Frank v. Mangum,* 237 U. S. 309, 343. When a State insists that a defendant be held to his choice of trial strategy and not be allowed to try a different tack on State habeas corpus, he may be deemed to have waived his claim and thus have no right to assert on federal habeas corpus. Such considerations of orderly appellate procedure give rise to the conventional statement that habeas corpus should not do service for an appeal. See *Adams v. United States ex rel. McCann, supra,* at 274. Compare *Sunal v. Large,* 332 U. S. 174, with *Johnson v. Zerbst,* 304 U. S. 458, 465-469."

In *Frank v. Mangum,* 237 U. S. 309, 343, 59 L. Ed. 969, Frank was convicted of murder in a Georgia court. He moved for a new trial, listing a long roster of specific grounds of error. None of these were that he had been deprived of a constitutional right in not being present when the jury rendered its verdict. Neither did he raise that point of alleged error when he appealed to the highest court of Georgia. He raised the point for the first time in *habeas corpus* proceedings in a federal court. Mr. Justice Pitney said for the majority that *habeas corpus* will lie in the federal courts on behalf of a state prisoner only when the judgment is absolutely void for want of jurisdiction either because there was no juris-

diction at the start or it was lost during the proceedings. It was held that Frank had waived his constitutional right and that the Georgia procedure permitting such waiver did not infringe due process of law. The Court said: "* * * such waiver may be given after as well as before the event, and is to be inferred from the making of a motion for new trial upon other grounds alone, when the facts respecting the reception of the verdict are within the prisoner's knowledge at the time of making that motion * * *." See also, for similar holdings, *Johnson v. Williams* (Ala.), 13 So. 2d 683; *Harrison v. Amrine* (Kan.), 124 P. 2d 202.

Jackson was convicted by a court with jurisdiction as to him and the subject matter; the judgment of that Court not only was not a nullity but clearly was valid. We have assumed for the argument that Jackson had a constitutional right to have his motion for a new trial heard and passed on. He did not raise the question of the deprivation of that right on his direct appeal to this Court and we hold that he waived it. He may not now raise it collaterally by a petition for *habeas corpus*. He cannot now be heard to say that the judgment against him is a nullity for reasons which he abandoned and waived at the time and in the forum in which he had full opportunity to make use of them.

The application for leave to appeal is denied.

*Application denied, with costs.*