## PLATER v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 16, September Term, 1959.]

*Decided October 20, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order denying a petition under the Post Conviction Procedure Act. The petitioner's contentions are fully discussed and refuted in an elaborate opinion by Chief Judge Niles in the court below. We deem it necessary to comment upon one point only, because it has some elements of novelty and was strongly pressed in the court below by court-appointed counsel for the petitioner.

The petitioner was convicted of robbery with a deadly weapon and sentenced to ten years in 1955. He contends that the counsel appointed by the court had previously been retained by his codefendant, and that the appointment was improper and inadequate because of a conflict of interest. This same contention was raised before Judge Gray in 1956, in a petition for *habeas corpus,* and denied. On application for leave to appeal to this Court, we affirmed the action of Judge Gray and denied the application. *Plater v. Warden,* 211 Md. 629. The contention was also found to be without merit in *Plater v. Warden,* 261 F. 2d 445.

The applicant now contends that the previous adjudication is not binding, for the reason that he was not represented by counsel at the hearing before Judge Gray, and that since denial of a writ of *habeas corpus* does not preclude recourse to another judge, the rule of *res judicata* is inapplicable. There is no merit in these contentions. There is no statutory requirement that counsel be appointed for an indigent defendant in an application for *habeas corpus,* nor is it even suggested that there is any constitutional requirement that counsel be appointed in such a case. Judge Gray heard the testimony of the applicant and that of the counsel in question, and decided the questions of fact on the merits. He found no showing of prejudice. Nor did we.

Under the Post Conviction Procedure Act, Code (1959 Supp.), Art. 27, sec. 645A, a remedy is created to set aside or correct a sentence, but relief is limited to cases where "the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure

relief from his conviction." We think it is perfectly clear that the application for *habeas corpus* was such another proceeding "to secure relief from his conviction", and that, upon affirmance by this Court it was "finally litigated". Cf. *Byrd v. Warden,* 219 Md. 681, and *Tillett v. Warden,* 220 Md. 677. Under the Habeas Corpus Act, Code (1957), Art. 42, sec. 6, it is provided that upon denial of an application for leave to appeal, "the order sought to be reviewed shall thereby become final to the same extent and with the same effect as if said order had been affirmed on appeal." *Davis v. Warden,* 211 Md. 606. The right to apply for leave to appeal was, of course, cut off by the repeal of sec. 6 by sec. 1, ch. 45, Acts of 1958, but that does not affect the finality of points finally litigated under the former procedure.

*Application denied.*