## HAMILTON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 19, September Term, 1957.]

---

634

*Decided November 20, 1957.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Raine, in the Circuit Court for Baltimore County. Petitioner pleaded guilty to six charges of larceny of six different automobiles, and on February 6, 1956, was sentenced by Judge Carter, in the Criminal Court of Baltimore, to eight years in each case, to run concurrently. Petitioner was twenty-one years of age and had had a previous conviction in the Criminal Court. At the time of his arraignment he did not ask for counsel and entered the pleas in person. But the court appointed counsel and postponed the case until later in the day. Petitioner admits that he told his court-appointed counsel he did not desire to change his pleas. He complains that his counsel was not prepared to properly represent him, and he did not realize that since three of the counts charged larceny of automobiles in Baltimore County the court lacked jurisdiction on these counts. This phase of the case was discussed and disposed of on a previous application for leave to appeal from the denial of a writ, in *Hamilton v. Warden,* 212 Md. 659, where it was pointed out that he would not be entitled to release in any event, since the sentences were concurrent.

Petitioner now alleges for the first time that his pleas of guilty were induced by a promise that was not carried out by the arresting officers. He alleges that Lieutenant Martindale of the Baltimore Police Department told him that if he would cooperate in the recovery of the stolen cars from Virginia and North Carolina, and would plead guilty, Lieutenant Martindale would request the court to suspend sentence in order that the petitioner might be turned over to the Federal authorities for prosecution under the Dyer Act. Petitioner alleges that despite his "cooperation", and pleas of guilty, no such recommendation was made to the court, and he had since been informed by the F. B. I. that he would not have received a sentence of more than three years in the Federal court.

Whether such a contention may be raised on *habeas corpus*

is not free from doubt. We have held that an appeal will lie, even after a plea of guilty, where the plea was not voluntarily and freely made, as, for example, under a promise of immunity. *Lowe v. State,* 111 Md. 1. We have indicated. that *habeas corpus* was never designed to review the regularity of judicial proceedings, as an alternative to appeal, but. there are exceptions to the rule, where the irregularity amounts to a deprivation of due process under the Fourteenth. Amendment, which may render the trial void *ab initio.* There are decisions of the Supreme Court which indicate that, at least in extreme cases, the remedy may be open where a plea. of guilty was obtained by deception practiced by state or government officials. *Smith v. O'Grady,* 312 U. S. 329; *Waley v. Johnston,* 316 U. S. 101; *Widmer v. Johnston,* 136 F. 2d. 416 (C. C. A. 9th). See also *Webster v. Warden,* 211 Md. 632, 634. Of course, in the instant case, the alleged promise was not one of immunity, nor could it have been binding upon the trial court in any event. We think, however, that it is a sufficient allegation of unfairness to warrant inquiry into its truth or falsity. Although Judge Raine stated in his letter to the petitioner that "upon reading the transcript I find that Lieutenant Martindale was completely fair * * *", the transcript is not before us, and we think the observation falls short of a finding that Lieutenant Martindale made the recommendation which the petitioner alleges he did not make. Under the circumstances, we shall remand the case with directions that the writ be issued and a hearing granted to determine whether the allegations are true, and whether there has been a deprivation of due process under the authorities cited.

> *Application for leave to appeal granted and case remanded for further proceedings not inconsistent with the views expressed in this opinion, costs to abide the result.*