## DOBSON *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 20, September Term, 1959.]

*Decided October 26, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

Donald Dobson pleaded guilty to seven separate offenses of armed robbery before Judge Joseph Carter and was sentenced to twenty years in each case, the sentences to be consecutive and, therefore, to aggregate one hundred and forty years. He then filed a petition for a writ of *habeas corpus* in the Baltimore City Court, which was denied by Judge Warnken. An application for leave to appeal was denied by this Court in *Dobson v. Warden*, 214 Md. 654. A subsequent petition for a writ of error *coram nobis* was denied by Judge Carter in the Criminal Court of Baltimore. There followed another *habeas corpus* petition in the Baltimore City Court, which was denied by Judge Mason.

Dobson now makes application for leave to appeal from the dismissal by Judge Manley in the Criminal Court of Baltimore of his petition for relief under the Uniform Post Conviction Procedure Act (Code 1959 Supp., Art. 27, secs. 645A to 645J).

Much of this petition deals with the alleged illegal harshness of his one-hundred-forty-year sentence. These allegations were dealt with in his unsuccessful appeal from Judge Warnken's denial of a writ of *habeas corpus, Dobson v. Warden, supra,* wherein it was held that the question was prematurely brought as the petitioner had not served out the plainly legal twenty-year portion of the sentences. Since section 645A (a) of the Post Conviction Procedure Act bars relief where the grounds therefor have been previously and finally litigated in "any other proceeding that the petitioner has taken to secure relief from his conviction", these contentions cannot be raised now.

Similarly, petitioner's allegations going to the question of the incompetence or lack of diligence of counsel were also disposed of in *Dobson v. Warden, supra,* and cannot be dealt with now.

Aside from petitioner's contentions regarding the severity of his sentence, the greater part of his application raises matters connected with the sufficiency of the evidence upon which he was convicted. He claims that: "illegal statements [were] used in evidence against him," but does not identify them; that perjury was committed with police acquiesence by one Doris William, a prosecuting witness who did not actually testify; that at the trial petitioner was pointed out by witnesses but never identified by name; that he was incriminated by the supposedly perjured testimony of an accomplice, one Rice, alias "fat Phil"; that he was not his true self while on the stand (at which time he freely admitted his guilt); that the "dangerous weapon" used by him in the robbery was in fact harmless and this was known to the state's attorney and the court; that the petitioner was not allowed to read "the statements" in their entirety out in court; and that various confessions introduced in evidence were inconsistent and contradictory.

Judge Manley in his order denying relief said that these contentions had been considered by Judge Warnken and Judge Mason in the *habeas corpus* proceedings mentioned above and, so, continued Judge Manley, had been "previously and finally litigated" (Code, 1959 Supp., Art. 27, Sec. 645A (a)) in other proceedings that petitioner has taken to secure relief from his conviction. However that may be, these previous proceedings are not in the record and we do not reach the question since Dobson himself, as he admits, entered pleas of guilty at his trial and therefore cannot raise the contention he now makes. *Person v. Warden,* 217 Md. 650, 651; *Wagner v. Warden,* 205 Md. 648. To escape the effect of his guilty pleas Dobson makes the claim that he pleaded guilty because of the suggestion of two named police officers that usually the State's Attorney recommends and the judges give lighter sentences to guilty offenders who plead guilty. He does not say that the police officers promised that they themselves would do anything in his behalf or that they broke a promise made to him. *Hamilton v. Warden,* 214 Md. 633, presented a question of alleged bad faith in the breaking of a

definite promise to recommend leniency and does not control the case before us.

Further, there is nothing to show why Dobson did not make his complaint on this score at the trial. He was familiar with courtroom procedures by reason of prior trials. He showed discrimination in entering his pleas since he pleaded not guilty to a larceny indictment at the same time he pleaded guilty to the armed robbery charges.

*Application denied.*