## EDWARDS *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 21, September Term, 1959.]

*Decided November 20, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The petitioner in this application for leave to appeal to this Court under the Uniform Post Conviction Procedure Act raises no question or questions that have not been previously decided by us adversely to his present contentions. All of the questions raised were properly decided by the court below, and all were amply considered except the one that follows.

He claims that the "Police of Baltimore Police Department" told him that they "would see that petitioner would be given leniency if he plead guilty * * * at the time of trial." In *Hamilton v. Warden,* 214 Md. 633, Judge Henderson, for

576

the Court, said that whether such a question could be raised on *habeas corpus* was not free from doubt, but the circumstances of that case, where the Police Officer was named, and his alleged promise to recommend a suspended sentence specifically set out with an allegation that the Officer failed to carry out his promise, justified an inquiry into the truth or falsity of the allegation. In the instant case, we have nothing except a bald allegation that the police officers of Baltimore City would see that he was "given leniency." He fails to name any officer or officers or to state what they said to him. Just what the terms "given leniency" would mean in any particular case would be difficult to determine, as it would probably be largely a matter of opinion. In any event, it is certain that Edwards' allegation is not sufficiently specific to raise a substantial question of unfairness, which should be inquired into. *Dobson v. Warden,* 220 Md. 689.

For the above reasons and those set out in the opinion of the trial judge the application will be denied.

*Application denied.*