## ROBERTS *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 24, September Term, 1959.]

*Decided November 20, 1959.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is the third attempt of Robert Roberts to obtain relief in this Court from sentences imposed by the Criminal Court

of Baltimore. This is an application for leave to appeal under the Uniform Post Conviction Procedure Act, Code (1959 Cum. Supp.), Art. 27, secs. 645A-645J; his others were applications to appeal from denials of petitions for writs of *habeas corpus,* and are reported as *Roberts v. Warden,* 206 Md. 246, 111 A. 2d 597, and by the same title in 214 Md. 611, 135 A. 2d 446.

While he was convicted of several crimes, all of which are set out in his first *habeas corpus* appeal, it will only be necessary to mention two of them here. He was charged with assault with intent to murder and simple assault in two indictments and plead guilty to the charge of simple assault in each case. He was represented by an attorney of his own selection, and after the pleas of guilty were entered, the court imposed consecutive sentences of twenty years in each of the cases.

The applicant's main contention here is set out in detail in the opinion filed in his first appeal, and it has been advanced by him in all of his subsequent ramifications in trying to obtain relief. In substance, it is that that he was charged with assault with intent to murder and simple assault; that he plead guilty to simple assault, which is necessarily a lesser crime than assault with intent to murder; that Code (1951), Art. 27, sec. 14, provided a maximum penalty of fifteen years' confinement for assault with intent to murder, yet he received twenty years for each simple assault, which rendered the sentences illegal. The Court, in the first appeal, ruled that he was not entitled to have this contention considered in that *habeas corpus* proceeding; because, even if it were assumed that such a contention could be considered in the *habeas corpus* case, it was prematurely advanced as the applicant had not served so much of his sentences as was concededly legal. In dismissing his appeal on February 10, 1955, the Court pointed out that the petitioner could seek executive clemency or apply to the trial court to correct the sentences, and, if they were illegal and the court refused to correct them, its refusal would constitute action which would be appealable to this Court.

Thereafter on March 3, 1957, petitioner wrote a letter, des-

ignated by him as a "motion," to Judge Carter, the trial judge, stating that all of the legally imposed sentences had then been served, and "on the advice of the Court of Appeals to seek redress by and through you first" he desired the "striking out" of certain of the sentences he deemed "void" and a reduction in the sentence of the other assault case. Judge Carter treated the letter as a motion, and, on March 8, 1957, denied the same in a letter to the applicant in these terms: "Your inquiry is construed as a request for the correction of an illegal sentence under the criminal rules of practice and procedure. In my opinion, the sentences imposed were not illegal, and your request is hereby denied." The applicant was further informed that his letter and a copy of the judge's were being forwarded to the clerk of the Criminal Court to be filed in his case. This denial of his motion was appealable as had been pointed out to him by this Court.

However, instead of appealing, on March 29, 1957, he filed another petition for a writ of *habeas corpus* which was denied by Judge Byrnes, and leave to appeal from such denial was refused by us in 214 Md. 611, and *certiorari* denied by the Supreme Court on March 3, 1958.

The record, next, reveals a lengthy motion under former Rule 10 (a), (now Rule 744 a) dated April 14, 1958, addressed by the petitioner to Judge Carter, and a letter, dated June 8, 1958, termed by the petitioner as a "Motion to Vacate and Substitute" certain sections of the motion of April 14. Before any disposition was made of either of these two motions, Roberts filed a petition dated September 8, 1958, under "Post Conviction Procedure Law," and, on October 15, 1958, he informed Judge Carter, who had not yet acted upon either of the previous motions, to this effect: "I prefer the action to proceed under the Post Conviction Act. To do otherwise, would be to my detriment."

Accordingly, a hearing was held in the present proceeding by Judge Allen on February 17, 1959. At this hearing, the petitioner's principal contention was the alleged illegality of his sentences for simple assault. Judge Allen properly ruled that under the provisions of Code (1959 Cum. Supp.), sec. 645A, a judge, who is conducting a hearing under the

Uniform Post Conviction Procedure Act, has the authority "to set aside or correct" an illegal sentence, without waiting for the allegedly legal portion of the sentence, if any, to be completed (Roberts' two former cases were *habeas corpus* proceedings), as sec. 645A (b) specifically states the petition may "be filed at any time." He, also, properly ruled that the judge, presiding at such a hearing, in setting aside or correcting a sentence is limited by the proviso of sec. 645A (a) that "the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction." Judge Allen then pointed out that the alleged error in the sentences had been "previously and finally litigated," since Roberts, as stated above, had made application to the trial judge to set aside or correct the sentences, and, when this relief was denied, he failed to appeal. Cf. *Plater v. Warden,* 220 Md. 673, 154 A. 2d 811. Again, we think the trial judge was right. The failure to appeal is a right which the petitioner could, and did, waive. *Jackson v. Warden,* 218 Md. 652, 146 A. 2d 438.

The petitioner raises two other contentions that are devoid of merit. He claims that the judgments of conviction of simple assault are void in law because the evidence failed to show a criminal intent; and that the pleas of guilty went only to the acts alleged as constituting the offenses and were not admissions of criminal intent. Pleas of guilty in criminal proceedings are unconditional, and, if the defendant attaches any condition or qualification to such a plea, the trial court should direct the entry of a plea of not guilty; but a plea of guilty freely and voluntarily made by a sane person, when accepted and recorded, is a "conviction of the highest order." 4 Wharton, *Criminal Procedure* (Anderson Ed.), secs. 1900, 1901; 5 Wharton, *op. cit.,* sec. 2247; 2 Underhill, *Criminal Evidence* (5th Ed.), sec. 398. Cf. *Dobson v. Warden,* 220 Md. 689, 154 A. 2d 921. It is obvious that his pleas of guilty embraced an acknowledgment of all of the constituent elements of the offenses to which he entered such pleas.

*Application denied.*