822 A.2d 472

Martin F. SCOTT

v.

STATE of Maryland.

No. 2117, Sept. Term, 2001.

Court of Special Appeals of Maryland.

April 30, 2003.

Martin F. Scott, Jessup, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Submitted before SALMON, KENNEY, ADKINS, JJ.

ADKINS, J.

Martin F. Scott, appellant, asserts that the Circuit Court for Baltimore City improperly denied his Motion To Correct An Illegal Sentence And For Reduction Of Sentence. He presents two questions for our review:

I. Did the motion court abuse its discretion in failing to make its own determination on the merits regarding whether appellant's sentence was illegal?

II. Did the motion court err in accepting the post-conviction court's determination regarding whether Md. Rule 4–345(d) was violated?

Finding no error, we affirm the judgment.

## FACTS AND LEGAL PROCEEDINGS

### Prior Proceedings

In October 1981, appellant was convicted in the Circuit Court for Baltimore City of first degree premeditated murder, first degree felony murder, use of a handgun in the commission of a felony or crime of violence, robbery with a deadly weapon, and assault with intent to murder. *See Scott v. State*, 297 Md. 235, 465 A.2d 1126 (1983).[1] He was sentenced to death plus 95 years based on those convictions.

---

1. Appellant has not provided us with transcripts of his prior proceedings. Accordingly, we recite the facts as set forth in the record before us and in the parties' briefs.

In July of 1983, appellant pled guilty in the Circuit Court for Baltimore City to first degree murder in a separate case and was sentenced to a consecutive term of life imprisonment.

Appellant's death sentence was vacated in September 1983. *See Scott,* 297 Md. at 252–53, 465 A.2d 1126. At his resentencing proceeding, he was again sentenced to death. *See Scott v. State,* 310 Md. 277, 280, 529 A.2d 340 (1987). This sentence, too, was vacated. *See id.* at 301, 529 A.2d 340.

In 1988, appellant's death sentence was replaced by a sentence of life imprisonment, imposed "pursuant to the agreed recommendation of [appellant] and the State."

On or about October 10, 1989, appellant filed a Motion to Correct An Illegal Sentence. The motion alleged, *inter alia,* that the commitment records were not in compliance with Maryland law, and, as we read his contention, that this noncompliance rendered his sentences ambiguous. Appellant acknowledged, however, that he "understood the intent of the Courts during sentencing[.]" Nonetheless, he contended in his motion that the life sentence imposed in 1988 in lieu of his death sentence rendered his sentences "contradictory and excessively ambiguous." Accordingly, he requested that the circuit court "correct the error in the commitment records, trial transcripts and docket entries[.]"

Appellant's Motion to Correct An Illegal Sentence was denied on June 6, 1990 by Judge John Carroll Byrnes. The commitment records, however, were corrected to reflect the sentences imposed.

On January 30, 1998, appellant filed a petition for post-conviction relief, contending that his sentence was illegal and that his commitment records had been improperly amended. Judge Carol Smith denied his motion on April 19, 1999. Thereafter, on September 4, 2001, appellant filed another Motion To Correct An Illegal Sentence And For Reduction Of Sentence. On November 15, 2001, Judge Albert Matricciani denied the motion. Thereafter, appellant noted this appeal.

## The 2001 Motion

Appellant contended in his September 4, 2001 Motion To Correct An Illegal Sentence And For Reduction Of Sentence that his sentence was illegal because the sentence imposed on July 28, 1983 was ambiguous and because the commitment records were incorrect. He also asserted that the commitment records were changed on May 17, 1990, without notice and an opportunity to be heard. Appellant further argued that the policy of the Parole Commission, Commissioner of Corrections, and Governor Glendening effectively rendered his sentence one of life without parole, and therefore made it an illegal sentence. He also contended that the sentence was the result of "constructive fraud," a "mistake" or "irregularity." [2]

## The Relevant Order

As explained earlier, Judge Matricciani denied appellant's motion, reasoning:

[P]etitioner's allegations regarding the ambiguity and illegality of his sentences have already been addressed by Judge Carol Smith in her memorandum dated April 16, 1999 wherein she denied petitioner's petition for post-conviction relief. Judge Smith found "no fatal ambiguity or illegality in Petitioner's sentences." ... [She] also concluded that "Petitioner's claim that the Court erred when it rewrote Petitioner's commitment records on May 17, 1990 without benefit of a hearing as required by Maryland Rule 4–345(c)" was without merit.

In addition, Judge Matricciani concluded that appellant's complaint that his sentence was rendered illegal by the policies of Governor Glendening and the Parol Commission was foreclosed by the Court of Appeals' decision in *State v. Kanaras*, 357 Md. 170, 185, 742 A.2d 508 (1999). He further ruled that appellant's motion to reduce the sentence was untimely

---

2. Although the State addresses the policies of the Parole Commission and Governor Glendening in its brief, appellant apparently has abandoned those issues on appeal.

under Md. Rule 4–345(b), and that the sentence was not due to fraud, irregularity or mistake.

## DISCUSSION

### I.

### The Motion Court Did Not Abuse Its Discretion In Failing To Make Its Own Determination On The Merits Regarding Whether Appellant's Sentence Was Illegal

Appellant contends that Judge Matricciani abused his discretion in failing to make his own factual findings regarding appellant's allegations. The State responds that the doctrine of *res judicata* is applicable. It further contends that Judge Matricciani properly rejected appellant's motion to reduce his sentence as untimely, and that there was no mistake or irregularity that would permit a later motion.

### Res Judicata

The doctrines of *res judicata* and collateral estoppel apply to criminal as well as civil cases. *See Cook v. State*, 281 Md. 665, 668, 381 A.2d 671, *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978).

[U]nder the doctrine of res judicata, sometimes known as direct estoppel, a final and valid judgment rendered in one proceeding between two parties operates as a bar in a second proceeding between them on all matters that have been or could have been decided in the original litigation, where the second proceeding involves the same subject matter as the first cause of action.

*Id.* at 668, 381 A.2d 671.

Md. Rule 4–345(a), however, "creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the court." *State v. Griffiths*, 338 Md. 485, 496, 659 A.2d 876 (1995). For instance, the rule of *res judicata* is inapplicable to *habeas corpus* proceedings. *See Hines v. Warden*, 236 Md. 406, 408–09, 204 A.2d 176 (1964). Cases decided under former

Federal Rule of Criminal Procedure 35(a)("Fed.R.Crim.P."), which provided that an illegal sentence may be corrected at any time,[3] have held that *res judicata* is inapplicable to those proceedings as well. *See United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986); *Ekberg v. United States,* 167 F.2d 380, 384 (1st Cir.1948).

This does not mean, however, that a court is required to consider anew repeated motions by a litigant setting forth the same facts and contentions.

### Law Of The Case

" '[O]nce a decision is established as the controlling legal rule of decision between the same parties in the same case it continues to be the law of the case.' " *Hagez v. State,* 131 Md.App. 402, 418, 749 A.2d 206, *cert. denied,* 359 Md. 669, 755 A.2d 1140 (2000) (citation omitted). "[A] trial court ruling may stand as the law of the case when no appeal is taken from it." *Ralkey v. Minnesota Mining and Mfg. Co.,* 63 Md.App. 515, 521, 492 A.2d 1358 (1985). *See also Baltimore Police Dept. v. Cherkes,* 140 Md.App. 282, 301–02, 780 A.2d 410 (2001)(recognizing the law of the case doctrine but holding it to be inapplicable " 'between courts of coordinate jurisdiction before entry of a final judgment' ") (citation omitted).

Although the issue is one of first impression in Maryland, extraterritorial courts have held that the doctrine of the law of the case is applicable to a motion to correct an illegal sentence. In *United States v. Mazak,* 789 F.2d 580 (7th Cir.1986), Mazak argued on direct appeal that his consecutive prison terms were barred by the constitutional prohibition against double jeopardy. His argument was rejected, and his sentence affirmed. Mazak then moved in the trial court to correct an illegal sentence under Fed.R.Crim.P. 35(a), advancing the same grounds rejected in his direct appeal. The trial court ad-

---

**3.** Federal Rule of Criminal Procedure 35 was changed by the Sentencing Reform Act of 1984, which was enacted on October 12, 1984 and became effective in November of 1987. The amended rule created new procedures for correcting or reducing federal sentences.

dressed the merits of Mazak's argument, but ultimately denied his motion. Considering Mazak's appeal of that denial, the Seventh Circuit Court of Appeals held that the doctrine of the law of the case applied.

> [O]nce this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [trial] judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it. And similarly we will be bound on a subsequent appeal, subject always of course to the flexible contours of the law of the case doctrine.

*Id.* at 581.

In *Paul v. United States,* 734 F.2d 1064 (5th Cir.1984), Paul earlier had been granted relief by the Fifth Circuit Court of Appeals pursuant to Fed.R.Crim.P. 35. *See United States v. Edmonson,* 659 F.2d 549, 550–51 (5th Cir.1981). In its decision in *Edmonson,* the Court directed the trial court as to the maximum sentence it could impose. *See id.* at 551. After re-sentencing, Paul filed a second motion to correct his sentence. Applying the law of the case doctrine, the Fifth Circuit declined to reconsider the issues previously decided in *Edmonson.* It explained:

> The "law of the case" rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members," and that it would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal" thereof.

> While the "law of the case" doctrine is not an inexorable command, **a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the**

same case in the trial or on a later appeal in the appellate court, unless (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work a manifest injustice.

*Paul,* 734 F.2d at 1065–66 (citation and footnotes omitted and emphasis added).

In *Brittingham v. State,* 705 A.2d 577, 578 (Del.1998), the Supreme Court of Delaware considered a consolidated appeal from the denial of two motions to correct an illegal sentence under Delaware Rule 35(a), which "permits the Superior Court to correct an illegal sentence 'at any time.'" Brittingham's sentence and conviction previously had been affirmed on appeal. His motion for post-conviction relief had been denied and that denial had been upheld on appeal. *See id.* The *Brittingham* Court held that Brittingham's complaints were outside the purview of Rule 35(a) because they involved the validity of prior convictions. It also recognized, however, that the law of the case doctrine "bars relitigation, under Rule 35(a), of an 'illegal sentence' where that issue has been previously decided by this Court." *Id.* at 579.

Similarly, in *White v. State,* 651 So.2d 726 (Fla.App.1995), *approved on other grounds,* 666 So.2d 895 (Fla.1996), the Florida Court of Appeals considered the denial of a motion to correct an illegal sentence. In the motion, White contended that he was improperly sentenced as a violent habitual offender because the predicate offense was a manslaughter conviction resulting from an automobile offense. *See id.* Because White previously had contested his sentence on the same ground in a direct appeal, the Florida Court of Appeals held that the law of the case doctrine precluded him from raising the issue again. *See id.*

We agree with these courts that the law of the case is applicable to motions to correct an illegal sentence. Judge Byrnes heard and decided the issue presented by appellant, and that decision was not appealed. Judge Matricciani was

not required to consider anew the same allegations previously litigated.

## Judge's Acceptance Of Prior Ruling

■ Judge Matricciani did not abuse his discretion in adopting the rationale of Judge Smith in ruling on appellant's petition for post-conviction relief. Although trial judges need not accept prior decisions of judges of the same court, they are free, in their discretion, to do so. *See Cherkes*, 140 Md.App. at 300, 780 A.2d 410; *Commercial Union Ins. Co. v. Porter Hayden Co.*, 116 Md.App. 605, 638, 698 A.2d 1167, *cert. denied*, 348 Md. 205, 703 A.2d 147 (1997).

## "At Any Time"

■ Md. Rule 4–345(a) provides that "[t]he court may correct an illegal sentence at any time." Appellant apparently interprets this to mean that the court must exercise its discretion to consider the merits of such a contention anew each time a motion is filed.

The Court of Appeals considered the purpose of the phrase "at any time," as used in the Maryland Post–Conviction Act,[4] in *Roberts v. Warden*, 221 Md. 576, 579–80, 155 A.2d 891 (1959), *cert. denied*, 362 U.S. 953, 80 S.Ct. 866, 4 L.Ed.2d 871 (1960). It held that the phrase permitted consideration of an illegal sentence even before the legal portion of a defendant's sentence had been completed.[5] In *McMannis v. State*, 311 Md. 534, 540, 536 A.2d 652 (1988), the phrase was interpreted to permit a petition to be filed "even while a direct appeal is

---

**4.** The Maryland Post–Conviction Act was formerly codified in Md.Code (1957, 1996 Repl.Vol.), Article 27 secs. 645A *et. seq.* In 2002, the Act was repealed and rewritten as Md.Code (2002), secs. 7–101 *et. seq.* of the Criminal Procedure Article.

**5.** *Roberts v. Warden*, 221 Md. 576, 155 A.2d 891 (1959), *cert. denied*, 362 U.S. 953, 80 S.Ct. 866, 4 L.Ed.2d 871 (1960), was overruled by *McMannis v. State*, 311 Md. 534, 541, 536 A.2d 652 (1988), to the extent that *Roberts* suggested that a petitioner being in custody was not a requirement for relief under the Post–Conviction Procedure Act.

pending, or long after the time for a direct appeal has passed[.]"

The effect of Md. Rule 4–345(a) was considered in *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985). In *Walczak,* the Court of Appeals held that an allegedly illegal sentence could be challenged on direct appeal even if there had been no objection to the sentence on that basis at the trial level.

[W]hen the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a), formerly Rule 774 a, provides that "[t]he court may correct an illegal sentence at any time." Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence. Moreover, because the defendant would be entitled to post conviction relief if a sentence is clearly illegal although not objected to at trial, interests of expedition and judicial economy support review of the sentence on direct appeal.

*Id.* (citations omitted).

Clearly, the "interests of expedition and judicial economy" would not be served if the sentence alleged to be illegal could be challenged repeatedly even after it had been addressed on direct appeal. *See id.* Thus, Judge Matricciani properly exercised his discretion in declining to consider anew the ambiguity or illegality of appellant's sentences.

## II.

### The Motion Court Did Not Err In Accepting The Post–Conviction Court's Determination That Md. Rule 4–345(d) Was Not Violated

■■ Appellant next contends that Judge Matricciani erred in adopting the post-conviction court's determination that the circuit court did not violate Md. Rule 4–345(d) in modifying appellant's commitment records without a hearing. This con-

tention clearly lacks merit. Md. Rule 4–345(d) provides that "[t]he court may modify, reduce, correct, or vacate a sentence only on the record in open court, after hearing from the defendant, the State, and from each victim or victim's representative who requests an opportunity to be heard." Thus, it is the **sentence,** not the commitment records, that cannot be modified, reduced or vacated without a hearing. Here, the court did not modify, reduce or vacate appellant's sentence; rather, it corrected his commitment records. Commitment records are governed by Md. Rule 4–351, which does not mention a hearing, rather than by Rule 4–345(d). There was no error.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**